```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,           ) Dkt.#  20 CR 10165-LTS
                                    )
                                    )
                  Plaintiff,        )
          v.                        )
                                    )
ALAN NEAL SCOTT                     )
                  Defendant.        )
_____)
```

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(d) and 18 U.S.C. § 3553(a)**

[T]oo many Americans go to too many prisons for far too long
and for no good law enforcement reason...Although
incarceration has a role to play in our justice system,
widespread incarceration at the federal, state and local
levels is both ineffective and unsustainable...It imposes a
significant economic burden— totaling $80 billion in 2010
alone — and it comes with human and moral costs that are
impossible to calculate.

*Former Attorney General Eric Holder, ABA Speech Aug. 2013*.


This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for Mr. SCOTT, a *69 year old* non violent offender who has a history of fraud and related convictions (see PSR, Part B, Criminal History). Given such history, and the evidence in support of current charges, the parties have entered into a plea agreement of **48-87** months. Given the available sentencing options under the provisions of 18 U.S.C. § 3553(a), inclusive of

1

any consideration of the advisory United States Sentencing Guidelines and the statutory minimum of 18 U.S.C. § 1028A, Mr. SCOTT respectfully requests the Court to impose a sentence of **_48 months with three years of supervised release._** Mr. SCOTT respectfully submits that such a sentence is reasonable, appropriate and the most cost effective approach in consideration of all the relevant sentencing factors of 18 U.S.C. § 3553(a) and Rule 32 of the Federal Rules of Criminal Procedure.

_Mr. SCOTTS's History and Characteristics,_ 18 U.S.C. § 3553(a)(1). Mr. SCOTT is now almost 69 years of age, with significant health issues. See PSR ¶ 93. "Boston Medical Center records provided by counsel reflect the defendant has a histo1y of hyperlipidemia; high blood pressure disorder; underactive thyroid; degenerative join disease of the lower leg; presence of artificial intra-ocular lens; retinal disorder; degenerative retina; inflammation of the eyelid; cataracts; nevus of choroid of right eye; neoplasm of unce1iain behavior; and malignant melanoma. The defendant was diagnosed with Stage 1 skin cancer in 2016 which was removed. He has a documented history of hepatitis C for which he is monitored. The defendant had cataract surge1y on both eyes and needs surge1y on the retina of his right eye. The defendant advised that without surgical correction, he will lose vision in his right eye."[1]

---

[1] Medical records appear to also indicate that Mr. SCOTT suffers from diabetes and a heart murmur. See records filed with release from detention motion.

Through no fault of his own, and as a result of being in an institutional setting, Mr. SCOTT was diagnosed with COVID-19 in Janua1y 2021 as verified by NCCC records. He was sick for approximately three weeks. PSR ¶ 94. He has since been fully vaccinated.

Mr. SCOTT has an extraordinary love and care for rescue animals. As noted in one of the letters previously filed with the Court: "[w]hile Alan amazed me with his intelligence, what touched me more was his deep love and sincere care for many living creatures," and in another: "[i]n this world where most people are busy taking care of their own life, Alan had been constantly looking out for others, and was ready to step up when he saw one in need." See Exhibit A.

The Guidelines and Sentencing Options

The advisory Guideline range that is expected to be calculated by Probation in its final report is 51-63 months (plus 24 months for the 1028A, aggravated identity theft minimum) based on a total offense level of 20, Criminal History Category IV.[2] PSR ¶ 116. Mr. SCOTT fully accepts responsibility for his charged conduct and the sentencing range as calculated prior to any departures and 3553(a) variances.  Mr. SCOTT further submits that

---

[2] Mr. SCOTT notes that the two EDNY cases are related cases in that they were consolidated for sentencing and there was no intervening arrest. Although consecutive sentences were imposed, and that it is abundantly clear that they were Consolidated. See EDNY PSR; chronology reflects no intervening arrest. Also, packages mailed in to him marked "Legal Mail" only wnt out not in. See EDNY Addendum, Paragraph 6.

3

his early admission of wrongdoing has saved the government significant resources and is an example of an not only an extraordinary acceptance of responsibility, but the first step towards rehabilitation.

The proposed sentence of *4 years for a 69 year old man with serious health problems*, with three years of supervised release. addresses all 3553(a) factors, as such would provide more than adequate punishment and deterrence.  Health care is best addressed in a community setting. He has now served approximately 14 and one half months.

It is also respectfully suggested that Supervised Release is the most cost effective way to monitor Mr. SCOTT's steps toward rehabilitation, as well as provide him with U.S. Probation services that will assist him with employment, housing, and any necessary counseling.  If he fails, he will be returned to prison. In these times of the Covid-19  pandemic, the proposed sentence also addresses humanitarian concerns given his health conditions.

Also, according to the Bureau of Justice statistics from 2006, probation and "parole" result in only a 7% rate of return to incarceration for a federal offender on probation or parole. See http://www.ojp.usdoj.gov/bjs/pub/pdf/ppus06.pdf table 5. Probation supervision through supervised release is also a more cost effective alternative to longer BOP incarceration. See http://www.nyfederalcriminalpractice.com/2008/05/government-estimates-costs-of.html.

PSR ¶ 127 sets the annual costs of community Probation supervision at $4454 versus $44,258 for BOP incarceration. A substantial period of community supervision, versus incarceration would be the most cost effective method of meeting all the goals of sentencing.

The proposed sentence, whether characterized as a variance or departure, is exactly that contemplated by the Guidelines, and post *Booker* cases. As set forth herein, and in the PSR, Mr. SCOTT is an individual who is an example of the "*unique study in the human failings that sometimes mitigate*" a sentence, See United States v. Koon,, 518 U.S. 81, 113 (1996). ("*It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue*").

18 U.S.C. § 3553(a)(4) specifically "permits the court to tailor the sentence in light of other statutory concerns." Mr. SCOTT's background, history and health falls well within that rubric.

**Reasons for Departure from Applicable Guideline Level, and/or Variance with the Guidelines based on 18 U.S. C. § 3553(a) factors.**

As set forth herein, this Honorable Court is free to depart or vary below the sentencing range of *the Advisory Guideline* in accordance with all 3553(a) factors.

For example:

1. Mr. SCOTT's age and medical condition.

2. The present COVID-19 pandemic have made prisoners more vulnerable, even those who are fully vaccinated; See e.g. https://www.bop.gov/coronavirus/;

3. Mr. SCOTT has been a charitable contributor to animal rescue.

4. Mr. SCOTT's extraordinary acceptance of responsibility.

5. U.S. Probation, through Supervised Release, will best be able to keep Mr. SCOTT on track with remaining crime free.

6. . The totality of circumstances demonstrating Mr. SCOTT *is a unique study in the human failings that... mitigate, ...the crime and the punishment to ensue...*

**CONCLUSION - SENTENCING RECOMMENDATION**

WHEREFORE, ALAN NEAL SCOTT, respectfully requests this Honorable Court to sentence him to **48 months, together with 3 years of supervised release**.

Date: October 4, 2021                Respectfully submitted,

                                     BOURBEAU & BONILLA, LLP

                                     *S/ Michael C. Bourbeau*

                                     MICHAEL C. BOURBEAU BBO# 545908
                                     80 Washington St., Building K
                                     Norwell, MA 02061
                                     (617) 350 6565

                                     Attorney for Defendant
                                     ALAN NEAL SCOTT

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

S/ Michael C. Bourbeau